```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

LEVARI ENTERPRISES, LLC, and
LEVARI TRUCKING CO., LLC,              1:20-cv-06210-NLH-AMD

          Plaintiffs,                  **OPINION**

     v.

KENWORTH TRUCK COMPANY,
PACCAR INC., CHALMERS
SUSPENSIONS INTERNATIONAL,
INC., GABRIELLI KENWORTH OF
NJ, LLC,

          Defendants.

**APPEARANCES:**

JUSTIN ROBERT WHITE
TESTA HECK TESTA & WHITE, PA
424 W. LANDIS AVENUE
VINELAND, NJ 08360

*On behalf of Plaintiffs*

ANTHONY M. PISCIOTTI
CLIFFORD MARK LANEY
DANNY CHARLES LALLIS
PISCIOTTI MALSCH & BUCKLEY PC
30 COLUMBIA TURNPIKE
SUITE 205
FLORHAM PARK, NJ 07932

*On behalf of Defendants Kenworth Truck Company, PACCAR Inc., and Gabrielli Kenworth of NJ, LLC*

STEPHEN A. RUDOLPH
RUDOLPH & KAYAL
ATLANTIC CORPORATE CENTER
2317 HIGHWAY 34
SUITE 2C
MANASQUAN, NJ 08736

*On behalf of Defendant Chalmers Suspensions International, Inc.*

**HILLMAN**, **District Judge**

Before the Court is Chalmers Suspensions International, Inc. ("Chalmers") motion for summary judgment (ECF 49). Also before the Court is PACCAR Inc. ("PACCAR") and Kenworth Truck Company and Gabrielli Kenworth of NJ's ("Gabrielli") second motion to dismiss Levari Enterprises, LLC and Levari Trucking Co., LLC's ("Plaintiffs") complaint (ECF 50). For the reasons expressed below, Chalmers' motion will be granted in part and denied in part as nonjusticiable and PACCAR and Gabrielli's second motion to dismiss will be granted in its entirety.

## BACKGROUND

The Court will presume the parties' familiarity with the underlying facts of this case as set forth in its February 22, 2021 Opinion (ECF 47) and will further recount facts only as necessary to the instant motions. In the Court's Order accompanying the February 22, 2021 Opinion (ECF 48), the Court granted PACCAR and Gabrielli's motion to dismiss in its entirety, but gave Plaintiffs twenty days to file an amended complaint. Plaintiffs never did so.

On April 20, 2021, Chalmers, who had originally answered the complaint instead of moving to dismiss it, filed a motion for summary judgment currently pending before the Court. (ECF 49). In the motion, Chalmers argues that Plaintiffs claims for negligence, breach of contract, implied warranty, express

2

warranty on eight of the trucks, violation of New Jersey's Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -224, and incidental and consequential damages should not proceed. (See generally id.) Plaintiffs in opposition, concede the points on negligence and breach of contract, but argue against the rest of Chalmers' contentions. (ECF 54). Separately, due to Plaintiffs' failure to file an amended complaint, PACCAR and Gabrielli filed a second motion to dismiss. (ECF 50). It is against this backdrop that the Court considers the two motions before it.

## DISCUSSION

### I. Motion for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing

substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for

4

summary judgment.  Scott v. Harris, 550 U.S. 372, 381 (2007).

### a. Analysis

Chalmers first moves for summary judgment on Plaintiffs' claims of negligence, implied warranty, and violation of the CFA, arguing that those claims are subsumed by the New Jersey Product Liability Act ("PLA"), N.J.S.A. 2A:58C-1 to -11.  The Court agrees and will grant summary judgment in Chalmers' favor on the claims.  For the claims for negligence and implied warranty, New Jersey law is very clear that those claims are subsumed by the PLA.  Ford Motor Credit Co., LLC v. Mendola, 48 A.3d 366, 374 (App. Div. 2012) ("Whether couched in terms of negligence, strict liability, or breach of an implied warranty, a product liability cause of action is subject to New Jersey's Product Liability Act, N.J.S.A. 2A:58C-1 to -11."); In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proc., 2018 WL 4030586, at *3 (N.D. Ill. Aug. 23, 2018). (noting that the defendant "concedes that the PLA subsumes his negligence and breach of implied warranty").  Plaintiffs even concede that their negligence claim against Chalmers is not actionable in this context.  The Court will therefore grant Chalmers summary judgment on claims for negligence and implied warranty.

The Court will do the same for the claim under the CFA, Count 5, though its decision requires a little more exposition.

5

The New Jersey Supreme Court has held that there are some limited circumstances under which a claim under the PLA and the CFA could coexist. The New Jersey Supreme Court has made clear that the PLA applies for claims of harm caused by a product. Sun Chem. Corp. v. Fike Corp., 235 A.3d 145, 153 (2020) ("Under the PLA, a claimant can recover damages against the 'manufacturer or seller of a product' upon proof 'that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose.'") The CFA is an expansive statute that "proscribe[s] unconscionable business practices." Id. at 148. The New Jersey Supreme Court in Sun Chem. Corp. explained where the ambit of the PLA ends and the CFA begins. The New Jersey Supreme Court explained:

> If a claim is premised upon a product's manufacturing, warning, or design defect, that claim must be brought under the PLA with damages limited to those available under that statute; CFA claims for the same conduct are precluded. But nothing about the PLA prohibits a claimant from seeking relief under the CFA for deceptive, fraudulent, misleading, and other unconscionable commercial practices in the sale of the product. Indeed, the CFA is expressly "in addition to and cumulative of any other right, remedy or prohibition accorded by the common law or statutes of this State." N.J.S.A. 56:8-2.13. Said differently, if a claim is based on deceptive, fraudulent, misleading, and other unconscionable commercial practices, it is not covered by the PLA and may be brought as a separate CFA claim.

Id. at 155. Sun Chem. Corp. stressed that it is when the plaintiff alleges affirmative misrepresentations and where the nature of the action sounds in fraud or other unconscionable

6

business practices that the CFA claim would not be subsumed by the PLA. See id. at 156 ("Thus, aside from breach of express warranty claims, claims that sound in the type of products liability actions defined in the PLA must be brought under the PLA.") When the claim plead under the CFA is really just a claim for harm from a faulty product, without something more, the claim must be brought under the PLA. Sinclair v. Merck & Co., 948 A.2d 587, 596 (2008) ("The language of the PLA represents a clear legislative intent that, despite the broad reach we give to the CFA, the PLA is paramount when the underlying claim is one for harm caused by a product.").

While the complaint here uses the boilerplate language that Chalmers "affirmatively misrepresented" the quality of the trucks, Plaintiffs point to no actual evidence of any affirmative misrepresentation. They do not explain what statements were made and in what context. The Court holds that Chalmers has met its burden to show that there is no genuine issue of material fact as to whether there were affirmative misrepresentations that would underly a CFA claim and Plaintiffs have not offered anything more than vague conclusions to argue the contrary. See Anderson, 477 U.S. at 256-57. Therefore, the Court will grant summary judgment on the CFA claim, Count 5, in Chalmers' favor.

Next, the Court must consider whether to grant summary

7

judgment in Chalmers' favor on the two breach of contract claims, Counts 1 and 2.  Because the breach of contract claims are duplicative of Plaintiffs' claim for breach of an express warranty[1], the Court will grant summary judgment on those counts.[2]  <u>Robinson v. Kia Motors Am., Inc.</u>, 2015 WL 5334739, at *15 (D.N.J. Sept. 11, 2015) ("The Court agrees with Kia that Plaintiffs' breach of contract claim fails as duplicative. Plaintiffs have identified no contract between the parties other than the express warranty alleged in Count 5. Accordingly, this claim must be dismissed as duplicative.")  Plaintiffs do not identify a separate contract other than the one for the express warranty, which does not allow them to proceed on both claims. <u>See</u> <u>Rapid Models & Prototypes, Inc. v. Innovated Sols.</u>, 71 F. Supp. 3d 492, 509 (D.N.J. 2014) ("These allegations demonstrate that Plaintiffs' breach of contract claim is based on a separate agreement with Defendant Innovated Solutions, and is not based

---

[1] Plaintiffs improperly conflate their breach of implied warranty and express warranty in one count, when claims for breach of implied warranty and for breach of express warranty are distinct claims.  This convoluted drafting likely makes that count fall short of the notice pleading standard under Rule 8. In light of the Court's analysis of that count under both theories, the Court need not address this pleading deficiency as a separate matter. <u>Rowen v. City of Bayonne</u>, 2011 WL 13177564, at *2 (D.N.J. Mar. 29, 2011)("Generally, a Rule 8 analysis may be conducted at the summary judgment stage of litigation.").

[2] Plaintiffs do not dispute that their breach of contract claim is duplicative of their claim for breach of an express warranty.

8

on a written warranty.")

The Court will also grant summary judgment on the issue of the applicability of express warranties on eight of the fourteen trucks at issue in this case. In particular, Chalmers' argument is that the express limited warranties only lasted three years and for eight of the trucks and that Plaintiffs raised issues with the trucks more than three years after their purchase. Plaintiffs do not dispute this issue; instead, they argue that an implied warranty covers all of the trucks. As explained above, Plaintiffs claim of implied warranty is subsumed under the PLA and cannot proceed on its own. At bottom, Plaintiffs have not brought forth a prima facie case that there was an express warranty that governed the eight trucks purchased in 2014, and therefore, the Court will grant summary judgment in Chalmers' favor on this issue. Fowler v. AT&T, Inc., 19 F.4th 292, 298-99 (3d Cir. 2021) ("To survive summary judgment, [the plaintiff] must present a claim that on first sight has enough merit to proceed (called a prima facie case).")

Finally, the Court will deny Chalmers motion for summary judgment on the point that the express warranty specifically disclaims incidental and consequential damages as nonjusticiable. A.S. v. Harrison Twp. Bd. of Educ., 66 F. Supp. 3d 539, 550 (D.N.J. 2014) (declining to issue an advisory opinion). While Plaintiffs on the one hand argue that the

9

express warranty attached to Chalmers motion does not apply to their trucks, on the other they have not identified any contract or specific express warranty on which to base their contract or express warranty claims. Indeed, Plaintiffs argue in their opposition to the motion for summary judgment that the warranty agreement that Chalmers attaches to its motion for summary judgment "postdates the purchase date of *all 14 trucks*[.]" (ECF 54 at 9) (emphasis in original).

Accordingly, in the end Chalmers seeks a ruling on the scope of an express warranty that both sides agree is not at issue. In short, there is nothing in the record before the Court that allows the Court to determine if there actually was an express warranty associated with the purchase of each of the trucks and, if so, what it terms were.[3] The Court will decline to opine, therefore, on the scope of the inapplicable express warranties. (See ECF 49-6). Therefore, the Court will not grant summary judgment in Chalmers favor on the issue of its liability for incidental and consequential damages.

---

[3] The Court appreciates that this analysis has the effect of leaving unresolved the issue of whether any express warranty applies to the remaining six trucks. In light of Plaintiffs' failure to specify one or even assert one, Chalmers is invited to move separately for summary judgment on that issue. See DL Res., Inc. v. FirstEnergy Sols. Corp., 506 F.3d 209, 224 (3d Cir. 2007) (noting that it was inappropriate to sua sponte grant summary judgment on an issue the nonmoving party did not have the opportunity to oppose).

## II. Motion to Dismiss

PACCAR and Gabrielli's second motion to dismiss will be granted in its entirety. The Court previously granted PACCAR and Gabrielli's motion to dismiss on February 22, 2021 (ECF 48). The Court, however, gave Plaintiffs twenty days to file an amended complaint. Plaintiffs never did so. Therefore, the Court will grant PACCAR and Gabrielli's second motion to dismiss the Counts against them. Gray v. Trucillo, 2019 WL 4573840, at *3 (D.N.J. Sept. 20, 2019) ("Failure to submit a motion to amend within the timeframe set by the Court will convert the dismissal without prejudice into a dismissal with prejudice without further action by this Court.")

### CONCLUSION

For the reasons expressed above, Chalmers' motion for summary judgment (ECF 49) will be granted with respect to Plaintiffs claims on negligence, breach of contract, implied warranty, express warranty on eight of the trucks, and violation of the CFA and denied as nonjusticiable with respect to Plaintiffs' claims for incidental and consequential damages. PACCAR and Gabrielli's second motion to dismiss (ECF 50) will be granted in its entirety.

An appropriate Order will be entered.

Date: January 26, 2022           /s  Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

11