UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEVARI ENTERPRISES, LLC, and
LEVARI TRUCKING CO., LLC              No. 1:20-cv-06210-NLH-AMD

            Plaintiffs,

        v.                            **OPINION**

KENWORTH TRUCK COMPANY,
PACCAR INC., CHALMERS
SUPENSIONS INTERNATIONAL,
INC., GABRIELLIE KENWORTH OF
NJ, LLC,

            Defendants.

**<u>APPEARANCES</u>:**

JUSTIN ROBERT WHITE, ESQ.
TESTA HECK TESTA & WHITE, PA
424 W. LANDIS AVENUE
VINELAND, NJ 08360

      *On behalf of Plaintiffs.*

ANTHONY M PISCIOTTI, ESQ.
CLIFFORD MARK LANEY, ESQ.
DANNY CHARLES LALLIS, ESQ.
PISCIOTTI MALSCH & BUCKLEY PC
30 COLUMBIA TURNPIKE, SUITE 205
FLORHAM PARK, NJ 07932

      *On behalf of Defendants Kenworth Truck Company, PACCAR*
      *Inc., and Gabrielli Kenworth of NJ, LLC.*

STEPHEN A. RUDOLPH, ESQ.
RUDOLPH & KAYAL
ATLANTIC CORPORATE CENTER
2317 HIGHWAY 34, SUITE 2C
MANASQUAN, NJ 08736

      *On behalf of Defendant Chalmers Suspensions International,*
      *Inc.*

**HILLMAN**, District Judge

Before the Court is Levari Enterprises, LLC and Levari Trucking Co., LL's ("Plaintiffs") Motion for Reconsideration (ECF No. 62) and Chalmer Suspensions International, Inc.'s ("Defendant") Motion for Summary Judgment (ECF No. 68).  The Court has considered the parties' written submissions and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons expressed below, Plaintiffs' Motion for Reconsideration will be denied and Defendant's Motion for Summary Judgment will be granted.

BACKGROUND

The Court will presume the parties' familiarity with the underlying facts of this case as set forth in its February 22, 2021 (ECF No. 47) and January 27, 2022 (ECF No. 59) Opinions and will further recount facts only as necessary to the instant motions.  In brief, the Court granted Defendant's previous Motion for Summary Judgment (ECF No. 49) with respect to Plaintiffs' claims of negligence, breach of contract, implied warranty, express warranty on eight of the trucks at issue, and violation of New Jersey's Consumer Fraud Act ("CFA").  (ECF No. 59 at 11).[1]  At the time, the Court found Defendant's request for

---

[1] The Court's January 27, 2022 Opinion (ECF No. 59) also granted PACCAR and Gabrielli's second motion to dismiss (ECF No. 50) in its entirety.

summary judgment regarding Plaintiffs' claims for incidental and consequential damages as nonjusticiable.

The issue with the incidental and consequential damages claims stems from the fact that the record did not have sufficient facts to determine if an express warranty existed in association with the purchases of the six remaining trucks at issue, and, if so, what its terms were.  (Id. at 10).  Thus, the Court noted that Chalmers could move separately for summary judgment on this specific issue to allow for the Plaintiffs the opportunity to oppose.  (Id. at 10 n.3).

On February 10, 2022, Plaintiffs filed a timely motion for reconsideration of the January 27, 2022 Opinion pursuant to Local Civil Rule 7.1(i) to "correct a clear error of law" concerning the Court's determination that Plaintiffs' claims for implied warranty were subsumed by the Product Liability Act ("PLA").  (ECF No. 62 at 3).  Plaintiffs believe that because their claim is allegedly limited to consequential but purely economic losses caused by a defective product that the Uniform Commercial Code ("UCC"), and not the PLA, should apply.  (Id.).  On March 7, 2022, Defendant filed an opposition motion to Plaintiffs' Motion for Reconsideration and on March 23, 2022, Plaintiffs replied.

Thereafter on August 1, 2022, Defendant filed its second Motion for Summary Judgment, arguing that because Plaintiffs

3

have failed to identify an applicable express warranty or
contract, summary judgment should be granted.  (ECF No. 68).
Plaintiffs responded on September 6, 2022, arguing that
Plaintiffs' implied warranty claims should result in the denial
of Defendant's Summary Judgment Motion, and therefore Plaintiffs
adopted and reasserted its implied warranty claims as argued in
its Motion for Reconsideration and Reply briefs (ECF Nos. 62,
67).  On September 12, 2022, Defendant filed its reply brief,
asserting that its Motion for Summary Judgment only addresses
express warranty claims, and because Plaintiffs only defend
their implied warranty claims in their reply, this Court should
find in favor of Defendant.  (ECF No. 71).

The Court now finds the motions ripe for adjudication.

## DISCUSSION

### I.   Motion for Reconsideration

In the District of New Jersey, Local Civil Rule 7.1(i)
governs motions for reconsideration, allowing an additional
avenue for a court to reconsider a final decision.  Flores v.
Predco Servs. Corp., No. 10-1320, 2011 WL 3273573, at *1 (D.N.J.
Jul. 29, 2011).  In pertinent part, Local Civil Rule 7.1(i)
states that, unless otherwise provided by statute or rule (such
as Fed. R. Civ. P. 50, 52, and 59), a motion for reconsideration
must be filed within 14 days after the order or judgment on the
original motion, requiring a brief setting forth the matter or

controlling decisions which the party believes the Court had overlooked.

The Third Circuit has held that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted).

Motions of reconsideration pursuant to Local Civil Rule 7.1(i) are to be granted sparingly. Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted) ("[r]econsideration is an extraordinary remedy that is granted very sparingly."); see also L. Civ. R. 7.1(i), cmt. 6(d).

## II.   **Analysis**

Plaintiffs argue that, under Local Civil Rule 7.1(i), the Court should reconsider its January 27, 2022 decision "to correct a clear error of law" as it relates to Plaintiffs' implied warranty claim. (ECF No 62 at 2). Plaintiffs assert that, while the PLA subsumes almost all implied warranties, exceptions exist for claims limited to damage caused to the product itself and consequential but purely economic losses

5

caused to the consumer because of a defective product.  (Id. at
3) (citing Ford Motor Credit Co., LLC v. Mendola, 48 A.3d 366,
374-75 (N.J. App. Div. 2012)).  This subset of implied warranty
belongs to the realm of contracts and are adjudicated pursuant
to the UCC.  Ford Motor Credit Co., 48 A.3d at 375.

Defendant asserts that Plaintiffs did not plead breach of
an implied warranty under the UCC and therefore cannot assert
this cause of action for the first time through a motion for
summary judgment or in a motion for reconsideration, that
Plaintiffs missed their opportunity to assert this cause of
action after the Court gave Plaintiffs the opportunity to file a
second amended complaint, and that Plaintiffs' implied warranty
claims are product defect claims that are prohibited by the
economic loss doctrine.  (ECF No. 64).

Plaintiffs disagree and state that their UCC claims were
properly raised in the First Amended Complaint, that the fact
that Plaintiffs declined to file a second amended complaint is
irrelevant to the Motion for Reconsideration, and that
Defendant's assertion that the economic loss doctrine is
applicable to Plaintiffs' claims "skirts the legal issue" raised
by its Motion for Reconsideration.  (ECF No. 67).

A fatal flaw to Plaintiffs' argument is that they did not
limit their implied warranty claims to purely economic damages.
(ECF No. 16 at 13-14).  Under Count IV in the First Amended

6

Complaint which focuses on breach of warranties, the Plaintiffs request economic relief and "declaratory judgment indemnifying the Plaintiffs from any claims or damages associated with the operation of said vehicles related to the failure of the suspension and or related component parts of said vehicles to third-parties <u>injured</u> as the result of the failure of said vehicles or component parts in the normal operation of the same for the purposes which they were originally acquired[.]" (<u>Id</u>.)(emphasis added).  The PLA's language was "chosen by the Legislature in enacting the PLA [to be] both expansive and inclusive, encompassing virtually all possible causes of action in relating to harms caused by consumer and other products."  <u>In re Lead Paint Litig.</u>, 924 A.2d 484, 503 (N.J. 2007).  The "PLA is paramount when the underlying claim is one for harm caused by a product."  <u>Sinclair v. Merck & Co., Inc.</u>, 948 A.2d 587, 596 (N.J. 2008).

     "Whether couched in terms of negligence, strict liability, or breach of an implied warranty, a product liability cause of action is subject to New Jersey's Product Liability Act, N.J.S.A. 2A:58C-1 to -11."  <u>Ford Motor Credit Co., LLC</u>, 48 A.3d at 374.  Therefore, Plaintiffs' implied warranty claim is affirmatively subsumed by PLA.

     Even if Plaintiffs' claims were not subsumed by the PLA, Plaintiffs could not proceed with an implied warranty sounding

in tort.  The economic loss doctrine prohibits plaintiffs from
recovering in tort economic losses that should flow from
contract.  Duquesne Light Co. v. Westinghouse Elec. Corp., 66
F.3d 604, 618 (3d Cir. 1995); see also Bohler-Uddeholm Am., Inc.
v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir. 2001).  The
Fourth Circuit Court of Appeals has noted that "a majority of
jurisdictions and the weight of the academic community favor
application of the economic loss doctrine to business
purchases."  Travelers Indem. Co. v. Dammann & Co., 592 F.
Supp.2d 752, 762 (D.N.J. Dec. 22, 2008) (citing Mt. Lebanon
Pers. Care Home, Inc. v. Hoover Universal, Inc., 276 F.3d 845,
848-49 (6th Cir. 2002)).  This is because "in the context of a
commercial transaction between sophisticated parties, injury to
other property is not actionable in tort if the injury was or
should have been reasonably contemplated by the parties to the
contract."  Travelers Indem. Co., 592 F. Supp.2d at 762 (quoting
Palmetto Linen Service, Inc. v. U.N.X., Inc., 205 F.3d 126, 129-
30 (4th Cir. 2000)) (internal quotations and citations omitted).
As the Third Circuit noted, at least one other decision in this
District has come to the same conclusion, holding that a
plaintiff may not pursue a tort claim under the PLA when the
alleged damage is not "to property 'other than the product
itself'" pursuant to the language in N.J. Stat. Ann. 2A:58C-
1(b)(2).  Id. at 763 (discussing International Flavors &

<u>Fragrances, Inc. v. McCormick & Co. Inc.</u>, 575 F. Supp.2d 654 (D.N.J. 2008)).

Plaintiffs are not unsophisticated general consumers with little bargaining power, and the case law reflects that "business entities must protect their commercial interests up front through the medium of contract." <u>Palmetto Linen Service, Inc.</u>, 205 F.3d at 130.  Similar to those products described in the various scenarios reviewed in <u>Int'l Flavors & Fragrances, Inc. v. McCormick & Co.</u>, the suspension system in the Kenworth trucks at issue were non-consumable components that were intended to be utilized for the lifetime of the trucks, and failures of the system put those trucks out of service for extended periods, (ECF No. 16, 5-6).  Therefore, the trucks are not "other property" that would allow for the exception of the economic loss doctrine.  <u>Int'l Flavors & Fragrances, Inc. v. McCormick & Co.</u>, 575 F. Supp.2d 654, 660 (D.N.J. Sept. 12, 2008) ("Courts in the Third, Fourth and Eighth Circuits have addressed the economic loss doctrine generally, and relied on the doctrine to limit the reach of the "other property" exception to the doctrine.  The Third Circuit's interpretation of New Jersey law in <u>In re Merritt Logan, Inc.</u>, 901 F.2d 349 (3d Cir. 1990), supports the conclusion that Plaintiff may not pursue a tort claim under New Jersey law on the facts presented.").

Even if Plaintiffs had limited their claims to purely

economic damages not sounding in tort, the most straightforward way to proceed on implied warranty claims under the UCC would be through a contract.  See Cumberland Farms, Inc. v. New Jersey Dept. of Environmental Protection, 447 N.J. Super. 423, 443 (App. Div. 2016).  As previously discussed, the Plaintiffs have yet to present a contract for the trucks at issue to the Court. (ECF No. 59 at 9-10).  Even if this Court were to proceed with Plaintiffs' UCC argument and consider this a circumstance where the absence of privity would not bar the action,[2] Plaintiffs' arguments would still fail.

First, the Court has explicitly addressed in the January 27, 2022 Opinion that Plaintiffs improperly conflated their breach of implied and express warranty in the First Amended Complaint, likely making that count fall short of Federal Rule of Civil Procedure 8.  (ECF No. 59 at 8 n.1); see (ECF No. 16 at 13).  Aside from this deficiency, neither Plaintiffs' First Amended Complaint nor Motion for Reconsideration brief provide the substantive facts to save their implied warranty claims.

Plaintiffs argue that they relied upon Defendant to provide "heavy trucks, including the components manufactured and/or installed by [Defendant] for the purposes that [Plaintiffs]

---

[2] New Jersey allows certain actions to proceed where vertical privity does not exist between buyers and sellers, specifically in commercial distribution chains.  See Spring Motors Distribs. v. Ford Motor Co., 489 A.2d 660, 676-77 (N.J. 1985).

sought to utilize them."  (ECF No. 16 at 8).  However, this
description does not give the Court sufficient detail to
distinguish whether there was a "particular purpose" from which
this order departed from "ordinary purposes" for the acquisition
of a "heavy truck" in this context.  <u>See</u> <u>Lithuanian Commerce</u>
<u>Corp. v. Sara Lee Hosiery</u>, 219 F. Supp. 2d. 600, 615 (D.N.J.
Jul. 30, 2002).  Defendant advertises that it is a "market
leader" for construction, tank, logging, concrete mixers, and
heavy haulage trucks,[3] which suggests that their suspension
products used as alleged in this matter would fall within
"ordinary use" of the product given the vague context Plaintiffs
have described and the requested product: "heavy truck[s]."

Plaintiffs provide no details to demonstrate that the
seller at the time of contracting had reason to know of any
"particular" purpose outside the ordinary course for the
suspension systems (or even if this situation would be outside
of the ordinary course for the alleged products), and Plaintiffs
have not expanded beyond the threadbare assertion that they were
relying on the seller's skill or judgment to select or furnish
suitable goods.  <u>See</u> N.J. Stat. Ann. § 12A:2-315; N.J. Stat.

---

[3] History, CHALMERS SUSPENSION INTERNATIONAL INC.,
http://www.chalmerssuspensions.com/c_about.php?chal=his (last
visited Sept. 22, 2022).

Ann. § 12A:2-315 cmt. 2;[4] (ECF No. 16 at 8).  As it stands, there is not enough detail provided by Plaintiffs to save their implied warranty for particular purpose claim at the summary judgment stage.

With regard to the issue of merchantability, "[f]or an automobile, the implied warranty of merchantability is breached only when a defect renders the vehicle unfit for its ordinary purpose of providing transportation for its owner." Sheris v. Nissan North America, Inc., No. 07-2516, 2008 WL 2354908, at *6 (D.N.J. Jun. 2, 2008).  As the plaintiff in Glass, Plaintiffs are still using all of the trucks at issue today.  (ECF No. 49-5 at 82).  As in noted in Glass, and similar to the facts here, "the Amended Complaint does not contain any explicit allegation that plaintiffs can no longer use their [product] . . . . Although the [product] may not have fulfilled plaintiffs' expectations, plaintiffs do not allege that the [product] fail[ed] to provide a minimum level of quality, which is all the law requires." Glass v. BMW of North Am., LLC, No. 10-5259,

---

[4] "A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and to uses which are customarily made of the goods in question.  For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing a mountain." N.J. Stat. Ann. § 12A:2-315 cmt. 2.

2011 WL 6887721 at *15 (D.N.J. Dec. 29, 2011) (citing Hughes v. Panasonic Consumer Elecs. Co., No. 10-846, 2011 U.S. Dist. LEXIS 79504, at *65 (D.N.J. Jul. 21, 2011); see also Sheris, 2008 WL 2354908, at *6.  Without additional facts to demonstrate that the trucks at issue were defective to the point of unmerchantability, the implied warranty of merchantability claim cannot survive.

Therefore, the argument that Plaintiffs present to save their implied warranty claim upon reconsideration is unavailing and the motion will be denied.

### III. **Motion for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the

outcome of the suit.  Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

In circumstances where a nonmoving party fails to oppose the motion, Fed. R. Civ. P. 56(e) provides that the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3)

grant summary judgment if the motion and supporting materials —
including the facts considered undisputed — show that the movant
is entitled to it; or (4) issue any other appropriate order.

**IV.  Analysis**

Defendant also request summary judgment on Plaintiffs'
breach of express warranty claim.[5]  (ECF No. 68).  Defendant
argues that Plaintiffs' breach of express warranty claims should
be dismissed because plaintiff has failed to identify any
applicable express warranty or contract, and that because
Plaintiffs have failed to file a second amended complaint to
cure these deficiencies within the designated time period
Plaintiffs should not get a third bite at the apple for their
express warranty claim. (Id.).

Plaintiffs' response to Defendant's Summary Judgment Motion
focuses on its arguments for its Motion for Reconsideration in
that Plaintiffs adopt and "reasserts in opposition" to the
Motion for Summary Judgment its arguments made in its motion for
reconsideration and its reply brief.  (ECF No. 70 at 2).
Plaintiffs' Motion for Reconsideration only asserts arguments

_____

[5] This Court noted in its January 27, 2022 Opinion that, at that
time, Plaintiffs' breach of warranty claim was nonjusticiable
because the record did not identify any express warranty that
did not post-date the purchase of the contested trucks.  (ECF
No. 59 at 10).  The Court invited Defendant to move for summary
judgment separately on the express warranty claim to give
Plaintiffs the opportunity to respond.  (Id. at 10 n.3).

related to its implied warranty claims as discussed above.  See (ECF Nos. 62, 67).  Plaintiffs only acknowledge their express warranty claims in its opposition filing in two sentences. First, Plaintiffs state that "if Levari's pending motion for reconsideration is granted, Chalmers' pending motion for summary judgment should be denied with regard to Levari's implied warranty claims (although express warranty and tort-based claims would be dismissed in light of the Court's prior ruling).  (ECF No. 70 at 2).  The second is one line in its Statement of Material Facts: "14.  Denied as stated.  Plaintiff has specifically demanded from Chalmers 'all warranty agreements' and has not received from Chalmers documents responsive to this demand."  (Id. at 4).

Plaintiffs have not provided any facts or evidence of any specific express warranty related to the contested trucks in this matter.  This case has been active for nearly two and a half years.  Nearly eight months have passed since the Court has explicitly noted the issue of the express warranty regarding the remaining trucks and invited the parties to address that issue. (ECF No. 59 at 10 n.3).

Further, Federal Rule of Civil Procedure Rule 56 ("Rule 56") requires that Plaintiffs make a showing sufficient to establish the existence of an element essential to their case once Defendant have demonstrated that the evidence is

insufficient to establish that element.  Cleotex Corp. v.
Catrett, 477 U.S. 317, 324, 331 (1986); see also Meza v. Jackson
Twp., No. 18-15206, 2021 WL 2549319, at *5 (D.N.J. Jun. 22,
2021) (stating that "if the burden of persuasion at trial would
be on the nonmoving party, the party moving for summary judgment
may satisfy Rule 56's burden of production by either (1)
'submit[ting] affirmative evidence that negates an essential
element of the nonmoving party's claim' or (2) demonstrating
'that the nonmoving party's evidence is insufficient to
establish an essential element of the nonmoving party's claim.'
Once the movant adequately supports its motion pursuant to Rule
56(c), the burden shifts to the nonmoving party to 'go beyond
the pleadings and by her own affidavits, or by the depositions,
answers to interrogatories, and admissions on file, designate
specific facts showing that there is a genuine issue for
trial.'") (internal citations omitted).

Here, Plaintiffs had the opportunity to respond and failed
to provide any evidence suggesting that an express warranty
exists for the trucks that remain at issue.  The express
warranty is an essential element of their claim and "a complete
failure of proof concerning an essential element of the
nonmoving party's case necessarily renders all other facts
immaterial."  Cleotex, 477 U.S. at 322-23; Katz v. Aetna Cas. &
Sur. Co., 972 F.2d 53, 55 n.5 (3d Cir. 1992).  Therefore, this

17

Court must grant summary judgment for Defendant with prejudice on Plaintiffs' express warranty claim.

**V.    <u>Conclusion</u>**

For the reasons expressed above, the Court will deny Plaintiffs' Motion for Reconsideration regarding their implied warranty claim and will grant Defendant's Motion for Summary Judgment regarding the remaining express warranty claim.

An appropriate Order consistent with this Opinion will be entered.

Date: <u>September 23, 2022</u>                   <u>s/ Noel L. Hillman</u>
At Camden, New Jersey                NOEL.L. HILLMAN, U.S.D.J.